United States Courts
Southern District of Texas
**F I L E D**

JAN 1 7 2023

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Nathan Ochsner, Clerk of Court

| United States District Court | District: Southern |
|---|---|

| Name (under which you were convicted): William Ray Edwards | Docket or Case No.: # 81984-CR/81984-CR-A |
|---|---|

| Place of Confinement : James AllRED Unit-2101 FM369 Iowa Park, Tx 17361 | Prisoner No.: 2282369 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| William Ray Edwards | v.  Jimmy S. Smith-Warden II |
| The Attorney General of the State of: | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Brazoria County Court for the 412th District Court. Angleton, Tx 77515-4678

    (b) Criminal docket or case number (if you know): 81984-CR /(1107) 81984-CR-A

2.  (a) Date of the judgment of conviction (if you know): 07-25-2019

    (b) Date of sentencing: 07-25-2019

3.  Length of sentence: 9 yrs.

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Indecency With A Child-Habitual

    _____
    _____
    _____
    _____
    _____

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☒ (2)  Guilty              ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

    ☐ Yes    ☒ No

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised:

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

    If yes, answer the following:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?      ☐ Yes      ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?      ☒ Yes      ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court: Brazoria County Court for the 412th District

            (2) Docket or case number (if you know): 81984-CR-A

            (3) Date of filing (if you know): _____

            (4) Nature of the proceeding: denied without written Order.

            (5) Grounds raised: Voluntariness of plea, Counsel induced plea, Counsel was deficient, state improperly referd to applicant as a habitual felon-when he is not, Withheld Witness statements, Prosecutor misconduct case.

_____

_____

_____

_____

            (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

            ☐ Yes      ☒ No

            (7) Result: _____

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:   N/A _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:   N/A _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Cruel and unusual Punishment: Violation of my 4th, 5th, 6th, 8th, and 14th Amendment Rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State is content that they never accused applicant of being a "Habitual". fact one, exhibit(1) filed for record Jul-6, 2017, Indictment as a habitual. The State used it at bond hearing and trial. exhibit(2) Brazoria County Jail Book-in sheet from Feb. 4, 2018 under the habitual indictment. trial record show the indictment was given to jury, on 07-23-2019.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    (11.07) Writ of habeas corpus

Name and location of the court where the motion or petition was filed:    412th District

Court, Brazoria County Texas-in Angleton, TX

Docket or case number (if you know):    Tr. Ct. No. 81984-CR-A

Date of the court's decision:    Unknown

Result (attach a copy of the court's opinion or order, if available):    denied Without

Written order.

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?              ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

It went automatically to the court of Criminal
appeals of Texas in Austin, TX, and was denied
there without written order.

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: *N-A*

**GROUND TWO:** Prosecutor Misconduct; Tipping the scales of Justice.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State claims it was "entirely permissible for them to qualify the voir dire panel of a habitual punishment range, when in fact. The State knew applicant was not a habitual felon. The State knew they had a defective indictment. That they where calling applicant a habitual when he was not. Please see exhibit (5) States memorandum of law in support of States original answer. Page (6)

(b) If you did not exhaust your state remedies on Ground Two, explain why: *N/A*

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: (11.07) Writ of habeas Corpus

Name and location of the court where the motion or petition was filed: 412ᵗʰ District Court of Brazoria County Texas - 111 E. Locust St. Angleton, Tx 77515

Docket or case number (if you know): Tr. Ct. No. 81984-CR-A

AO 241 (Rev. 09/17)

Date of the court's decision: _Unknown_

Result (attach a copy of the court's opinion or order, if available): _denied without_
_written order._

(3) Did you receive a hearing on your motion or petition? . . . . . . . . ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_It went to automatically to the Court of Criminal appeals of Texas in Austin, Tx and was denied there without written order._

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _N/A_

_____

_____

**GROUND THREE:** _InEffective Assistance of Counsel, Counsel didn't Properly question witness's or call any._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_Applicant filed a complaint with the State Bar of Texas because Counsel would not address the fact applicant wasn't a habitual. Neither Counsel objection to the defective indictment, 2nd Counsel never came to see applicant to go over case, Counsel investigator never talked to any witness, take photos, talk to police. Counsel was not ready for trial. Never talked to brother._

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *N/A*

---

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

---

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *(11.07) Writ of habeas Corpus*

Name and location of the court where the motion or petition was filed: *412th District Court of Brazoria County Texas - 111 E. Locust Angleton, TX 77515*

Docket or case number (if you know): *Tr. Ct. No. 81984-CR-A*

Date of the court's decision: *unknown*

Result (attach a copy of the court's opinion or order, if available): *denied without Written Order.*

---

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

It Went automatically to the Court of Criminal appeals of Texas in Austin, TX and was denied there without Written Order.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _N/A_

**GROUND FOUR:** Melicious Prosecution: Withholding evidence,

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

from the beginning. The State Went after a indictment against applicant without the testimony and support of the lead Det. in the Case. (Sargent Det. Denise Janssen). Then mislead the grand jury on the pin Pack, as well as the Voir dire Selection by offering up a defective indictment. Claim that applicant was a "habitual" when he is not...

(b) If you did not exhaust your state remedies on Ground Four, explain why: I brought up the Withholding evidence in my (11.07) but my then attorney went against me in Support of the State.

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: (11.07) Writ of habeas Corpus

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _412th District Court_
_Of Brazoria County Texas-111E. Locust Angleton, Tx 77515_

Docket or case number (if you know): _Tr. Ct. No. 81984-CR-A_

Date of the court's decision: _Unknown_

Result (attach a copy of the court's opinion or order, if available): _denied without_
_Written order._

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_It went automatically to the court of_
_Criminal appeals of Texas in Austin, TX_
_and was denied there without written_
_Order. Without a hearing and on the Court's_
_independent review of the record_
_Deana Williamson, Clerk_

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four: _N/A_

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐ Yes    ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _Ground 5, 6, 7, 8, 11. Applicant was told by_
_his then att. that there was nothing he could_
_do about these grounds, which was not true._
_rendering more ineffect assistance_

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_Same as above_

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: *Zac Maloney - but, he was never there.*
*Someone from his office Stood-in for him.*

(b) At arraignment and plea: *Not Sure if Maloney was there, or*
*Someone Stood in for him again. I Can only remember him there*

(c) At trial: *for the bond hearing, after (6 mo) of no shows.*
*Mike Diaz, and Cary Faden*

(d) At sentencing: *Mike Diaz, and Cary Faden*
*20228 Hwy 6 Manvel, Tx 77578*

(e) On appeal: *No one*

(f) In any post-conviction proceeding: *No one*

(g) On appeal from any ruling against you in a post-conviction proceeding: *No one*

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:  *N/A*

(c) Give the length of the other sentence:  *N/A*

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes   ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

*Covid-19 Shut down the Courts and the*
*Prison Law Library for a time in which*
*applicant was working on his appeal.*
*applicant was moved over (6) times in*
*the Texas Dept. of Correction do to Covid-19*

AO 241 (Rev. 09/17)

My notice from Court of Criminal appeals of Texas dated 10-7-2020, was not given to me until early months of 2021. then the Law Library on the James Allred Unit that I am housed on now. did not have staff to open the prison Law Library for a short time. Then they changed there 12:30pm count time to 1:30pm. This also interfered with the 2:30pm to 4:30pm daily Law Library hours because count does not clear in a hour on the Unit. We are still getting less then 10hrs a week to work on our appeals. To have full access to the court.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _To Vacate applicant plea with prejudice, or set aside Conviction with prejudice, remove name, and any obligation of register._

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _12-27-2022_ (month, date, year).

Executed (signed) on _12-27-2022_ (date).

_William Ray Edwards_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Additional grounds and facts supporting petition...

**Ground Five:** (5) Prosecutor's Vouching of witnesses, No objection from defense Counsel: In the States Closing remarks. both first, and second chair put there credibility at issue by Vouching for there witness in there Closing. Violating Applicant due-Process. Amendment Article [V] #(5). Right.

**Ground Six:** (6) Applicant was given a excessi bail because of the "Habitual" claim on the defected indictment. Cruel and unusual Punishment was inflicted. The State held applicant as a "habitual" on the 9-20-2018 bond hearing when he was not. told the courts applicant was facing 25 to life. Which couldn't be given because said applicant was not a "habitual". Violating Applicant Article [VIII] #8 Right.

**Ground Seven:** (7) The Right to the Trial Record or Transcripts if Indigent. Applicant is Indigent, and the state or trial court will not Provide full copys of the grand jury minutes, Voir-dire, minutes, or trial transcripts. Violating Applicants due Process, and Fourteenth Amendment #14 Right.

**Ground Eight:** (8) Applicant was never given a copy of his indictment Which never gave him 10 days before trial to go over said indictment. To fully understand the charge before him. Violating his Amendment Article [VI] #6 Right.

Ground Nine:(9) Impartial Jury; Applicant was told by both Counsel and Co-Counsel that the Head D.A. (Jeri Yenne) came down to the court room to offer Applicant a 10year Plea because she believed "there where "Red Necks" on the Jury that just wasn't going to find me, not guilty." Applicant still said [NO]. minutes later, both ineffected counsels, and both State (A.D.A) were called to the The Judge chamber. When they came back. according to both Counsels. The Judge felt the Samething as the head D.A., there where "Red Necks not going to Vote for me." Applicant told counsel to ask for a mistrial. [Att. Diaz] Said the Judge wouldn't do it. Applicant was not given a impartial Jury. if both Judge and head D.A. felt they couldn't vote fair. Violating Amendment Article [VI] #6 Right of the Constitution.

Ground Ten:(10) Voluntariness of Plea; Applicant contend that both of his ineffected lawyers. did Coerced, or treat him by saying. "You will get the 25 to life if you don't take the Judge offer of nine(9) years." They both told applicant about a former client, [Robert Cantu]. Which applicant was familiar with because they shared a cell together. Applicant learn later. there Case was not the same, and could not been given a "habilal" sentance. Violating Applicant [VI] Amendment Right.

Ground Eleven: (11) Judge threat to give the Max time, if I didnt take the 9years offer. According to both Ineffected Counsel, and Co-Counsel. They insistently suggested that I was going to get a life Sentence if I didn't take what the Judge offerd, and they didnt want to see that happen to me. "That the Judge said he would accept the Jury Verdict, and give the max time they offerd". Violation of Amendment Article [VI] 6 Right.

Ground Twelve: (12) Ineffect Assistance of Counsel: Both Ineffect Counsel let the state Violate Applicant due process by Calling him a "habitual" in the defected Indictment, and Voir dire an Trial. When in fact, he was not. Counsel never made a objection to Said Indictment. Not until Applicant was coerced did lead Counsel [Micheal Diaz] tell him the Indictment was defected. Violating his [IV] an [V] Amendment Rights.

Ground Thirteen: (13) Ineffect Assistance of Counsel: Applicant never got more then a Pro forma encounter with his Counsel [Micheal Diaz]. Applicant never got any time with Co-Counsel [Cary Faden] to go over any trial Strategy. This is the reason both ineffected counsel was not properly prepared for trial.
Violation of his [VI] an [XIV]
Amendment Rights

Ground Fourteenth: (14) Ineffect Assistance of Counsel. Neather Counsel, or Co-Counsel was fully ready for trial. [Mr. Diaz] told Applicant he was going to be calling his brother, and friend as Witnesses. that he would be showing Pictures of the alleged crim scen by his investargater. That he or the investargater was going to talk with the lead [Detective Denise Janssen]. They did none of that. This would of backed Police Photo's that showed there was [NO] Swing that the accuser claim Applicant supposedly approach her at. Violating Applicant Amendment [VI] #6 Right

Memorandum of Law in support of Applicant Petition for Writ of Habeas Corpus: 28 USC § 2254. Applicant Petition is not time barred for the following reasons.

1) Constitution Violations.

2) Covid-19 Suspended, or Postpone all court activity for a period of time.

3) During that same time. Applicant wasn't given full access to the prison law library, because of the many and lengthy Covid-19 lockdowns.

4) Petitioner did not receive his notice from Court of Criminal Appeals of Texas denial of his [Writ of habeas Corpus 1107] Dated: 10/07/2020. Until February 2021. do to Petitioner many back and forth on Medical chain, and lockdowns do to Covid-19 in the Texas Dept. of Criminal Justice System. (TDCJ)

5) The Courts and (TDCJ) has re-open all facilitys to full working status in 2022. Applicant has been working hard to complete, and get his 28 USC § 2254 Petition in to the Courts. Applicant Petition will show the following.

6.) At some point in the months of the fall of 2022. The James V. All Red unit, Iowa Park, Tx Changed it's

12:30 PM daily count to 1:30pm. This runs into the Law Library Session at 2:30 pm. Which deny Applicant his 2hrs a day, 10hrs a week, right to the Courts. Which is Federal law

Voluntariness of Plea

Attorney's Michael Diaz, and Co-Counsel Cary Faden. Did in fact Coerced applicant that he would get "Habitual" time if he didnt take what the Judge would accept. Which was 9years (T.D.C.J.)

In the Courts finding of facts

[#10] Mr. Diaz through his affidavit said the state extended an offer of 9years. however, Counsel told applicant at the time, the offer was made by the trial Judge. The only offer Counsel told me about from the State was a 10year plea moments after returning from Head [D.A. Jery Yaining] Which applicant had turn down. The reason [D.A. Yaining] was offering the 10years was. "she believed there where [Rednecks] on the Jury that was not going to Vote for me". the Jury was out for lunch. I still said no to the 10years. Thats when Counsel, and Co-Counsel Diaz and Faden, as well as both [A.D.A.] Samantha Klein, and Joshua Golden went to the Judge Chamber. when they came back. Mr Diaz said. The Judge felt the Same as the [D.A.], and I should take his offer of 9years.

(1)

However, if applicant didn't take the plea, and the jury came back with a guilty verdict. he would accept it. I told counsel to "ask for a mistrial." "if the State and the judge felt that way. how is this fair"? Counsel said; "the judge wouldn't do that". he asked. I then ask Counsel. "Do anybody care that I didn't do this?" at that point. I felt, I had no choise but to sign there plea agreement. because of the judge's treat of "Habital" time 25 to life. The fact that applicant was not.

#11 Applicant was [Never] happy and relieved about taking 9years in Prison for something he didn't do. In fact. Mr Diaz was the one relieved that the trial was over. Just before we went in front of the Judge. Mr. Diaz ask me. "was I going to drop my Complaint with the State Bar of Texas". Mr Faden asked. "what Complant".

After the Plea was done. Mr Diaz Came to me and said. "The head D.A. Came down to tell him. They made a mistake. they could not charge me as a "Habital".

(2)

In Lopez V. Scully, 58 F. 3d 38 (Ca2 1995) To
argue in favor of his Clients' motion would
require admitting Serious ethical Violations, and
Possibly Subject him to liability for malpractice;
on the other hand, "any Contention by Counsel
that defendant's allegations were not true
would contradict his Client." U.S. V. Ellison,
798 F.2d 1102, 1107 (7th Cir. 1986)

(3)

# Ineffective Assistance of Counsel:

Please See Exhibit (1) Defective Indictiment, (2) Brazoria County Jail-(Angleton) Tx book-in Sheet, (3) Letter from Mr. Kennith Edwards.

The American Bar Association Guidelines-(ABA). In 175.40 (A.B.A) standards as Guide for Effective Assistance is as following; In Massey V. Prince George's county, 907 F. Supp. 138 (D. Md. 1995) First rule of Professional Conduct 1.1 provides that "[A] lawyer shall provide competent representation to a client. Competent representation requires the legal Knowledge, skill, thoroughness, and preparation reasonably necessary for the representation". The fact that both ineffective defense Counsel allowed the state to charge, and take Applicant to trial as a "habitual" felon when in fact, he was not. gives merit to Applicant Claim of Ineffective Assistance of Counsel... As a basic has observed. "To Provide Competent representation, A lawyer must be able to research the law." "The Supreme Court of California in Smith V. Lewis, 13 Cal. 3d 349, 530 P. 2d 589, 118 Cal. Rptr. 621 (1975)

1

expanded upon this obligation: An Attorney... is expected... to possess knowledge of those plain and elementary principles of law which are commonly known by well-informed attorneys, and to discover those additional rules of law which, although not commonly known, may readily be found by standard research techniques" [Ibid]

In the 412th District Court of Brazoria County, Texas Exparte; Finding of fact and conclusions of law: Appellant seeks relief of the lower Court's denial of his (1107) Writ of Habeas Corpus. Appellant contended that his rights to Confrontation as guaranteed by U.S. Const. Amend. VI, and Tex. Const. art. 1, § 10 was violated by the lower Court's admission of on affidavit of Appellant trial Counsel regarding his advice to Appellant. Texas appellate Court held that the trial Court erred When doing so. The Court also held that admission of Counsel's affidavit deprived appellant of his right to cross-examine the witness during the hearing. See Case; Francisco Javier Lopez, Appellant, V. The State of Texas, Appellee. Court of Appeals of Texas, Thirteenth District, Corpus Christi 895 S.W. 2d 392; 13-93-313-CR December 8, 1994 delivered, Dec. 8, 1994 filed.

Q

The fact that trial Counsels sit and let applicant Stand
under a defective indictment through bond hearing, and
through trial. alternately coerce applicant into violating his
due process. Neither Counsels explain, or told applicant of
The Texas law-SB45- extraordinary vote... Shows Counsel
was not Knowledgeable to the facts, and wasn't effective
assistance. Applicant was denied effective assistance of
Counsel from Michael Diaz, and Co-Counsel Cary Faden.
Mr. Faden [Never] once visited applicant to go over the
case. Applicant, and Co-Counsel meet once at the court
house, in a room full of other inmates for less then
five (5) minutes. This is a clear Violation of the due
Process clause of the 14th Amendment and the due course of
the law Provision in Art. I § 19 of the Texas Constition.

In open and complete Communcation; In Lakin V. Stine, 44
F. Supp. 2d 897 (E.D. Mich 1999) A defendant's Cummunication
with Counsel is critical to the attorney's representation.
Geders V. United States, 425 U.S. 80, 91, 96. S. Ct. 1339, 47
L. Ed 2d 592 (1976) Denial of this opportunity is a
Constitutional error requiring reversal. Summerlin V.
Schriro, 427 F. 3d 623 (Ca9 2005). The 6th amendment right
to Counsel in a Criminal trial includes. "The right to the
effective assistance of Counsel." McMann V. Richardson,
397 U.S. 759 77ln 14, 90 S. Ct. 1441, 25 L. Ed 2d 763
(1970).

3

This right extends to "all Critical Stages of the Criminal Process." Iowa V. Tovar, 541 U.S. 77, 80-81, 124 S. Ct. 1379, 158 L. Ed 2d 209 (2004). Applicant wasn't afforded this right. The State objection to a lower Bond, insisting that applicant was looking at 25 to life as a "Habitual", when in fact he was not. Show that applicant didn't have effective assistance of counsel threw all Critical stages of the Criminal Process. There is no objection from counsel on record. In applicant denial of his writ of habeas corpus (1107). The Court in it's finding of facts; [Line#2] The Court merely Permitted Mr. Diaz to state he was a lawyer. The Court didn't take into account that applicant and counsel where engaged in a conflict with the Texas Bar, because Mr. Diaz was letting the state hold and take applicant to trial as a "Habitual", when in fact he wasn't. Mr Diaz mislead the state Bar by saying his client was a "Habitual" when he was not. This harmed applicant and denied applicant right to due Process. [Line#3] Mr. Diaz testified through his affidavit that, he and applicant meet numerous occasions at the Brazoria County Jail Prior to Jury trial. In Mitchell V. Mason, 325 F. 3d 732 (CA6 2003) the 6th amendment guarantees more than a Pro forma encounter between the accused and his Counsel, and six minutes of consultations spread over (3) meetings don't satisfy it's requirements. County Jail records, will show that was the extent of time given to applicant by Counsel Diaz, and

4

[NO] time as Spoke with Co-Counsel Cary Faden at all.

[Line #5] Mr. Diaz testified that he went over discovery with applicant several times. that applicant told him that he Knew and befriended the complainant. The fact that applicant had filed with the State Bar of Texas because he wasn't going over the case, and letting the State hold him as a "Habitual", and the reason the court gave approval for a Co-Counsel. Who also [Never] went over the Case, or came to see applicant. Showes there was a Problem with Client and counsel's. Applicant [Never] told Counsel's he befriended anyone. Which is why he should have the right to confront Counsel as is his 6th Amendment Right.

[Line #6] Mr. Diaz testified through his affidavit that, the Court approved the use of a Mike Sellars, an investigator that he use, with extensive experience. Mr. Diaz [Never] Showed any Proof of the work allegedly done. in fact, Mr. Sellars told applicant, he would be going over to take Photo's of the allege crime Scene, talk to the Police, and Witness. the investigator, Mr. Diaz-(Counsel), or Co-Counsel Cary Faden

5

[Never] took any pictures, talked to any witnesses, or even read the lead Det. report. Lead Det. Denise Janssen, witness for the state testified. "That she believed I was a innocent man being falsely accused." defense Counsel was not prepared for her testimony. The investigator, nor counsel or co-counsel investigated anything.

[Line#7] Mr. Diaz claim that applicant's brother. Mr Kennith Edwards. indicated he didn't have any further information to add to the case, and applicant brother told him that applicant. "was trying to put words in his mouth". was flat out untrue. [exhibit 3] Letter from brother.

In Powell V. Alabama, 287 U.S. 45, 77 L. Ed 158, 53 S.Ct. 55 (1932) Even the intelligent and educated laymen has small and sometimes no skill in the science of law. If charged with a crime, he is incapable, generally, of determining for himself whether the indictment is good or bad.

The fact that trial and plea counsel convince/coerced applicant that the state had a [True] indictment, shows just how much of a layman applicant is, and how Ineffected trial and plea counsel, and Co-Counsel was.

Under Strickland V. Washington, a defendant seeking to challenge Counsel's representation must establish that his Counsel's Performance was both (1) deficient, and (2) resulted in Prejudice. Strickland V. Washington, 466 U.S. 668, 687 (1984)

6

The fact defense counsel went to trial with a indictiment that was fundamentally defective and had applicant to plea to said defective indictiment. Show's counsel, and co-counsel was not effective at all.

Applicant was harmed from the time of his arrest, all the way too trial because of the claim that applicant was a "Habitul" when he was not.

Counsel, and co-counsel, along with investigator; Mike Sellars. Never talked to any Witness's, or the police. they where not properly able to cross-examine the police, nor did they talk with the Brazoria County Child advocate agent over the case. The attorney's cont just write it up as trial strategy. there where to many different storys of the encounter between the accused and applicant, coming from her. just to say you where prepared, then be shocked that the state witness [the police] testimony has cleared your client, but not prepared to cross-examine, is to fail him.

To applicants recollection. Attorney Diaz only told him a few days, that they would be going to trial. The due diligence standard is a Judially created test to determine the adequacy of an effort to procure the appearance of a witness at trial. The question of whether it was reasonable for trial and plea Counsel Michael Diaz, and Co-Counsel Cary Faden

7

to not Subpoena any Witness's is identical to the issue Presented in due diligence cases. In View of Mr. Diaz, and Mr. Faden failure to exercise due diligence. It would Surely be incongrous to say they nevertheless rendered reasonable professional assistance as required by Strickland. In this Case, there failure to Subpoena any of the available Witness's for trial wasn't the result of a Strategic decision; Please See. Washington V. Smith, 48 F. Supp. 2d 1149 (E.D. Wis 1999). farther more, the fact that defense Counsel gave no objection as Prosecutor's was Vouching for there Witnesses, farther show how unprepared the two where. In Dubria V. Smith, 197 F. 3d 390 (CA 9 1999) Clearly Showes the failing to object to Statements made by the Prosector during closing arguments was ineffective Counsel.

(A.D.A) Samantha Klein, in her Closing Argument Said; "The defendant set up Stairs watching Julia through the window." This was [Never] evidence Present at Trial. therefore, Counsel and co-Counsel Should have objective to it. Mr. Diaz just said; we could do nothing about it." That was not true. Which made both counsel ineffective.

8

When (A.D.A.) Samantha Klein in her Closing Arguments Said." the defendant set up stairs watching Julia through the window." This was [Never] evidence Presented at trial and Counsel, or Co-Counsel had felled to object to it. In Dubria V. Smith, 197 F.3d 390 (CA 9 1999) clearly shows the failing to object to Statements made by both Prosectors during Closing arguments was ineffective Counsel.

Not tell applicant. "there's nothing we can do about it." when I asked.

The record needs to be obtain for clarity

(9)

# Prosecutor Misconduct:

Constitutional Claims; The State Committed Several State law torts against applicant. Melicious Prosecution, abuse of process, Prosecutor Misconduct, Tipping the Scales of Justice, and False imprisonment. Brady V. Maryland, 397 U.S. 753 (1970). The court has the right to exercise it's Supplemental Jurisdiction under 28 U.S.C. §1367. 802 Federal Supplement Criminal Law- 273. 4 (4). Because a defect in an Indictment is jurisdictional. A person does not waive such a defect by pleading guilty to the defective indictment.

The trial judge Seem to allow the State to contradict it self. The court in it's finding of facts, in it's denial of applicant (1107) writ of habeas corpus. acknowledge that applicant was not a "habitual felon", and the State could not have charged him as so. Subsequently the State has acknowledge that applicant was not a "habitual" under Texas State law. "Foreign Convictions, Prior Convictions"; A felony Conviction in either a federal Court, or a court of a state, other than Texas, was not a "Prior Conviction" with in Texas habitual criminal act. [Vernon's] Ann. P.C. art. 63 (Repealed)...
In the trial Court #12 finding of facts and Conclusions of the denial of applicant (1107). The error came when the State claim to had a right to waive a enhancement they could not use in the first place.

(1)

furthermore, in the state qualifing members of the Venire Panel during Voir dire. The State was well aware that applicant was not a "habitual" when they introduce the defected indictment to the Venire Panel during Voir dire. This harm applicant, with no objection from neither defense counsel. In the trial court finding of facts: the court error in it's finding of #8. reason. The State qualifing the Venire Panel at Voir dire was Melicious Prosecution when in fact, they Knew they where doing so with a defected indictment. the fact that the State Claim it was only doing what the indictment alleged when they Knew it was defected, is clear Prosecutor Misconduct. In The Texas Criminal Laws, Code of Criminal Procedure: Art. 21.19 Defects of form. An indictment shall not be held insufficient nor shall the trial, Judgment or other Proceeding thereon be affected, by reason of <u>any</u> defect of form which does not Prejudice the substantial rights of the defendant. This indictment has harm applicant from the moment of his arrest. ① applicant was given excessive bail, ② the State qualifing Venire Panel with the range of a "habitual" with it, came, cruel and unusual Punishment was inflicted. Please see Exhibit ① defective indictiment. ② Brazoria County (Angleton) Tx Jail booking details. In fact, the county jail Web sit, still showes applicant as a habitual felon which he is not. Applicant contend that the Brazoria County (Angleton) Tx District Attorney office engaged in egregious Prosecutorial misconduct during the period of time of the investgation and at the time seeking indictmen as well as at Voir dire selection. This Prejudice the Voirdire selection.

(a)

The State during the grand jury panel. did in fact willingly, and knowingly withheld evidence of the lead detective Police report, and refused to let lead [Detective; Denise Janssen] testimony be heard. [Ms. Janssen] was the lead detective for the West Columbia, TX Police department over the case. On July 24th, 2019. The State called [Ms. Janssen] as it's last Witness. Ms. Janssen testified that. "I can't believe We are at trial". She further testified that, She "believe applicant was a innocent man being falsely accused". Applicant has requested in Writing from the State. Copys of the grand Jury minutes, as well as the trial transcript because applicant is indigent. So to be allowed to give as evidence. They have Refused applicant. The State committed fraud against the People of Brazoria County, TX, and the courts by refusing to permit sergeant detective [Denise Janssen] to testify at the grand jury panel. [Fact of law] The Police represent the State. It is always a peace officer who actually files a criminal complaint and become the complaintant. the accuser files a report of a crime and becomes the complaining witness. Since a peace officer is the actual complaintant, and is employed by a political entity, but holds a peace officer commisson issued by the state. A charging instrument (Indictment or Information) must always begin with. In the name, and by the authority of the state of Texas, and conclude with Against the Peace and dignity of the State.

(3)

If [Det. Janssen] never testified at the grand jury. How can the state claim to have had a legal assemble grand jury without her report, or her testifying. Therefore, applicant request that trial and grand jury minutes, and transcript be provided by the state in the name of justice. Indictment filed for record on 7-06-2017, (Time: 1:35 pm) This is prosecutor Misconduct, Tipping the Scales of justice: Brady V. Maryland, 397 U.S. 753 (1970). Tex. App-Austin 1995 Trial court may, on a motion of defendant, set aside, quash, or dismiss indictment or information for defect of form or substance. Vernon's Ann. Texas C.C.P. Art 27.03  Miller V. State, 909 S.W. 2d 586. "Charging Instruments" Indictment, Informations, and Complaints Generally: A defect in the underlying Complant is not jurisdictional. Ramirez V. State, 105 S.W. 3d 628 (Tex. Crim. App 2003) Aguilar V. State, 846 S.W. 2d 318 (Tex. Crim. App 1993) A Court that finds fault with an indictment, or information does not dismiss the Complaint on which the indictment or information was based; rather, it sets aside the information or indictment. State V. Boseman, 830 S.W. 2d 588 (Tex. Crim. App 1992) State V. Drummond, 472 S.W. 3d 857 (Tex. App.—Houston [1st Dist] 2015) Please see Exhibit ③ IN THE 412th District Court of Brazoria County, Texas; Denial of applicant (1107) Because applicant is a laymen at law, and indigent. did not Know how to defend hisself or afford to hire a attorney. The State Continued Violating applicant rights, with no object from nether defense attorney by Vouching for her witnesses.

(14)

Further more; the report, or testimony of the Brazoria County Child advocate office Was Void at the time seeking a fair indictment. If the State never Used [Det. Janssen] or the County agency report or testimony. How then, did the State get a indictment without tipping the scales of Justice... it is imperative, that the State give the indigent applicant grand jury minutes, and trial transcript Under the law. Green V. Brigano, 123 F. 3d 917 (CA6 1997). At the Same time. the State mislead the illegal assembled grand jury on the pin Pack.

receiving a untrue bill. In the Texas Criminal Laws; Code of Criminal Procedur. Art 21.19 further states that. "Whit reasonable certainty, the act or acts relied upon to Constitute recklessness or criminal Negligence, and in no event shall it be Sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal Negligence."

According to [Det. Sergeant Janssen] July 24, 2019 testimony, and without the child advocacy. The State could not show that the accused acted recklessly. Which he did not. Under 28 U.S.C. § 2254(a) Because of ineffective assistance of Counsel, and Melicious Prosecution, abuse of Process, Prosecut Misconduct. the Petitioner asserts that he is in Custody in Violation of the United States Constitution.

(5).

In ELLott Williams Vs. James A. Collins. United States District Court for the Western District of Texas, Austin Divison 802 F. Supp. 1530; 1992 U.S. Dist. Lexis 15114. CiViL #. A-91-CA-509 September 30, 1992, Filed and Entered.
Appellant also assert he was never given a copy of the charging indictment until one was mailed out to him with the Post mark of Nov. 10, 2021. Never given appellant 10 days to fully prepare for trial on the charge of Indecency with a child Habilual. denying appellant rights.

In Darnell Johnson, Appellant, V. The State of Texas. Appellee Court of Criminal Appeals of Texas, Panel No. 3 567 S.W. 2d 214; 1978 Tex. Crim. App. Lexis 1225 No. 56088 June 21, 1978. Article 25.01 V.A.C.C.P., Provides: "In every case of felony, when the accused is in custody, or soon as he maybe arrested, the Clerk of the court where an indictment has been presented. Shall immediately make a Certified copy of the same, and deliver such Certified copy to the accused". Article 25.02, V.A.C.C.P., Provides; "upon receipt of such writ and copy, the Sheriff shall immediate deliver such certified copy of the indictment to the accused and return the writ to the Clerk issuing the same, with his return thereon, showing when and how the same was executed." Appellant was never given, or shown a copy of said Indictment...

The ineffective assistance of counsel should of put in a motion to quash the defective indictment. Tex. App- Dallas 1981. Motion to quash indictment Charging Prior Conviction for purposes of enhanced Sentencing was impermissible collateral attack on Prior Conviction. Vernon's Ann C.C.P. Art. 41.02 Loftin V. State, 624 S.W. 2d 351. In Gideon V. WainWright, the Courts ruled that. "To Permit a Conviction obtained in Violation Gideon... to be used against a person either to support guilt or enhance punishment for another offense [ ] is to erode the principle of that case. The admission of a Prior Criminal Conviction Which is constitutionally infirm under the Standards of Gideon... is inherently prejudicial" from the time of Appellant arrest. The State Claim appellant was a [Habitual] facing 25 to life. Appellant was denied a lower bond for this reason on 9-20-2018. At the 07-23-2019 trial. the indictment was Presented to the Jury. In the Case of; U.S. V. O'Donnell 608 F.3. 546 (CA9 2010) an "indictment should be read in it's entirety, Construed according to Common Sense and interpreted to Include facts Which are necessarily implied United States V. Givens, 265 F. 2d 214, 218 (9th Cir. 1959)

(7)

When the State denied the truth to come from the lead Police Det. [Denise Janssen], and The Child Advocate office. They Violated applicant due Process Procedure. Which Violates applicant rights. along with the two Ineffective Assistance of counsel. 566.07 Prosecutorial Misconduct, Supreme Court Opinion: Berger V. United States, 295 U.S. 78, 88, 79 L. Ed 1314, 55 S. Ct. 629 (1935)  See also [Donnelly V. Dechristo foro, 416 U.S. 637, 40 L. Ed 2d 431, 94 S. ct. 1868] U.S. Supreme Court in Brady V. Maryland 373 U.S. 83 (1963) There, The Supreme court held that when the Prosecution Withholds evidence, Purposefully or not, that may be favorable to a defendant, it Violates the due Process Clause of the U.S. Constitution. it's the Prosecutions responsibility to turn over all the evidence. A defendant doesn't have to "scavenge for hints of undisclosed Brady material." The state withheld [Sergeant detective Denise Janssen] Police report. This is one of the reasons, the ineffective assistant of counsel was confused about her testimony. The ineffectiv Counsel should of filed a motion to dismiss the defected indictment. A complaint that a charging instrument is so defective that it deprives the trial court of Jurisdiction can be raised for the first time on appeal. Smith V. State, 494 S.W. 3d 243 (Tex. App.—Texarkana 2015, no Pet).

(5)

Because of the July 24th, 2019 testimony of [Sergeant Detective Denise Janssen] Pursuant to Texas Criminal Procedure Code and rules, structural Requirements; that his indictment "was not returned by a lawfully chosen, or empaneled grand Jury," article [V.] of the Constitution of the United States. Nor did applicant enjoy the right to a impartial Jury at the time of trial. This is according to both defense counsels as to what the head district attorney felt was the 2½ day deliberation was about, and so did the Judge according to both ineffective counsels. "That there where "red necks on the Jury, that just would not vote not guilty for applicant." Tex. Code. Crim. Proc. Art. 27.09 (3). Applicant Contends that the due Process clause of the Fourteenth Amendment to the U.S. Constitution and the due Course of law Provisions of Articles 1, Sections 13 and 19, of the Texas Constitution Prohibited Applicant a Second trial, or retrial because the Brazoria County Texas, District Attorney office engaged in egregious Prosecutorial misconduct during the Period of time of the Investgation and at the time Seeking Indictment. The State futher miss lead the Voir dire Panel. Which harm applicant. The State further made claims in there closing arguments, that wasnt introduced into evidence, and Vouching for there Witnesses. With no objection from defense counsel. (9).

The doctrine of double Jeopardy is drived from U.S. Const. amendment [V] and is applied to the states through U.S. Const. amendment [XIV]. In a Jury trial, Jeopardy attaches when the Jury is impaneled and sworn. After Jeopardy attaches, any charge which is dismissed, waived abandoned, or on which the Jury returns an acquittal, may not be retried.

further on Prosecutor's Vouching of Witnesses. 2nd Chair Joshua Golden in his, Closing did put his credibility on the line, when he told the Jury. "he asked Julia if she ever cum, and she told ya'll the truth, and you can believe her." Dubria V. Smith, 197 F 3d 390 (CA 9 1999)

(10)